**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

SHIPPING and TRANSIT, LLC,

      Plaintiff,

vs.

HATS.COM, LLC d/b/a HATS.COM,

      Defendant.

_____/

Case No. _____

**DEMAND FOR JURY TRIAL**

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, Shipping and Transit, LLC, by and through its undersigned counsel, hereby sues Defendant, HATS.COM, LLC d/b/a HATS. COM ("HATS"), and in support, alleges as follows:

**NATURE OF THE LAWSUIT**

1.    This is an action for patent infringement of United States Patent Numbers: 6,415,207, 6,904,359, 6,763,299, 7,400,970 arising under the patent laws of the United States, Title 35 of the United States Code.

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1338; and 35 U.S.C. § 271.

3.    This Court has personal jurisdiction over HATS pursuant to, *inter alia*, Florida's long-arm statute, § 48.193, in that HATS: (a) operates, conducts, engages in, and/or carries on a business or business adventure(s) in Florida and/or has an office or agency in Florida; (b) has committed one or more tortuous acts within Florida; (c) was and/or is engaged in substantial and not isolated activity within Florida; and/or (d) has purposely availed itself of Florida's laws,

services and/or other benefits and therefore should reasonably anticipate being hailed into one or more of the courts within the State of Florida.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

## THE PLAINTIFF

5. Plaintiff, Shipping and Transit, LLC, is a Florida Limited Liability Company with a principal place of business located in Boynton Beach, Florida.

## THE DEFENDANT

6. Defendant, HATS, is a Delaware Corporation with a principal place of business in Denver, Pennsylvania. Upon information and belief, HATS transacts business in Florida and within this Judicial District through use of its electronic tracking, text, email and other messaging to customers within this State and Judicial District, and has, at a minimum, offered to provide and/or has provided to customers within this Judicial District and throughout the State of Florida services and/or products that infringe claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

## THE PLAINTIFF'S PATENTS

7. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,415,207 (the "207 patent"), entitled "System and Method for Automatically providing vehicle status information", issued July 2, 2002. A copy of the '970 patent is attached hereto as Exhibit 1.

8. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,904,359 ("the '359 patent"), entitled "Notification System and Methods with User-Defineable Notifications Based Upon Occurrence of Events", issued June 7, 2005. A copy of the '359 patent is attached hereto as Exhibit 2.

2

9. The '359 patent referenced in Paragraph 8 above was the subject of an Inter Partes Reexamination at the United States Patent and Trademark Office. A Reexamination Certificate was issued on May 25, 2010 and is attached hereto as Exhibit 3.

10. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 6,763,299 (the "299 patent"), entitled "Notification systems and methods with notification based upon prior stop locations", issued July 12, 2004. A copy of the '299 patent is attached hereto as Exhibit 4.

11. Plaintiff owns all rights, titles and interests in, and/or has standing to sue for infringement of United States Patent Number 7,400,970 ("the '970 patent"), entitled "System and Method for an Advance Notification System for Monitoring and Reporting Proximity of a Vehicle", issued July 15, 2008. A copy of the '970 patent is attached hereto as Exhibit 5.

## COUNT I
## DIRECT PATENT INFRINGEMENT

12. Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

13. Pursuant to 35 U.S.C. § 271(a), HATS has directly infringed claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** ("When ordering online, you will *automatically receive an order confirmation via e-mail*"..."If you have any question about your order, including *order status*, you can visit our web site and *track your purchase through your account* or contact us" www.hats.com) and **"SHIPPING CONFIRMATION EMAIL"** services that are protected within the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents, as every claim limitation, or its equivalent, is found in these functions, applications, solutions, devices, programs, products, services, methods and/or systems.

14.     Specifically, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process.  Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their website.  When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking.  Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address).

15.     HATS' direct infringement has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against HATS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with HATS, granting the following relief:

A.      An award of damages against HATS adequate to compensate Plaintiff for the infringement that has occurred with respect to HATS, together with prejudgment interest from the date that HATS' infringement of the patents at issue began;

B.      Increased damages as permitted pursuant to 35 U.S.C. § 284;

C.  A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285; and,

D.  All other relief as the Court or a jury may deem proper and just in this instance.

## COUNT II
## INDIRECT PATENT INFRINGEMENT

16.  Plaintiff hereby incorporates Paragraphs 1 through 11 set forth above as if fully set forth herein.

17.  Pursuant to 35 U.S.C. §§ 271(b) and (c), HATS has indirectly infringed claims of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents through, among other activities, products, programs, applications, functions, systems and methods, the use of tracking and notification technologies within its **"ADVANCE SHIP NOTICE"** ("When ordering online, you will ***automatically receive an order confirmation via e-mail***"..."If you have any question about your order, including *order status*, you can visit our web site and *track your purchase through your account* or contact us" www.hats.com) and **"SHIPPING CONFIRMATION EMAIL"** services that are protected within the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents, as HATS actively and intentionally induced infringement with knowledge that the induced acts constituted infringement, or acted with willful blindness; and/or contributed to infringement by one or more third parties as HATS had knowledge, rather than intent, that its activity caused such infringement.

18.  Specifically, Defendant's ship notice/manifest, sometimes referred to as the Advanced Shipment Notice (ASN), or the 856 EDI document, is generated when a user at a computer system elects to purchase an item via Defendant's website and enters an email address as part of the purchase process.  Defendant explains by purchasing they will be provided "order confirmation" and more importantly "shipment confirmation" by selecting to purchase from their

5

website.  When a user selects a method of shipping when purchasing an item from Defendant's website, a user necessarily is required to elect a shipping method that allows tracking.  Once this election is made, and as the order is processed, shipment confirmations are sent based on a tracking input when the package starts its route (likely pick-up, placed on conveyer belt and/or scanned out to loading dock/out of warehouse, etc.) to its destination (delivery address).

19. HATS' contributory infringement and/or inducement to infringe has injured and will continue to injure Plaintiff unless and until a monetary judgment is entered in favor of Plaintiff and/or the Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the 6,415,207, 6,904,359, 6,763,299, 7,400,970 patents.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment against HATS and its subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with HATS, granting the following relief:

A. An award of damages against HATS adequate to compensate Plaintiff for the infringement that has occurred with respect to HATS, together with prejudgment interest from the date that HATS infringement of the patents at issue began;

B. Increased damages as permitted pursuant to 35 U.S.C. § 284;

C. A finding that this case is exceptional and award to Plaintiff its attorney's fees and costs as provided by 35 U.S.C. § 285; and,

D. All other relief as the Court or a jury may deem proper and just in this instance.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: January 19, 2016.                                         Respectfully submitted,

/s/ Jason P. Dollard
Jason P. Dollard, Esquire
Florida Bar Number: 0649821
Leslie Robert Evans & Associates
214 Brazilian Avenue, Suite 200
Palm Beach, Florida 33480
Telephone: (561) 832-8288
Facsimile: (561) 832-5722
Email: jdollard@lrevanspa.com;
jdollard@jpdesq.com
**Counsel for Plaintiff**
